UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| TRUSTEES OF THE LOCAL NO. 6 BRICKLAYERS UNION INDIANA PENSION FUND and TRUSTEES OF LOCAL NO. 6 BRICKLAYERS UNION OF INDIANA HEALTH AND WELFARE FUND,<br>        Plaintiffs,<br><br>    v.<br><br>LAKEWOOD DESIGN, INC.<br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) CAUSE NO.: 2:19-CV-105-JVB-JPK<br>)<br>)<br>) |

## OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Vacate Default Judgment of 1/29/2021 to Vacate Supplementary Post Judgment Proceedings, and for Other Relief [DE 68] filed by Defendant Lakewood Design, Inc. (LDI) on May 20, 2022. Plaintiffs ("the Trustees") filed a response on June 3, 2022. LDI filed a reply on June 10, 2022. The Court denies the motion.

## PROCEDURAL BACKGROUND

The Trustees initiated this cause of action on March 19, 2019, by filing a complaint alleging violations of the Employee Retirement Income Security Act of 1974 (ERISA) and the Labor Management Relations Act of 1947 (LMRA). Summons were issued and returned executed, but LDI did not appear in this action. A clerk's entry of default was entered on May 6, 2019.

The Court ordered LDI to allow the Trustees to perform an audit. Efforts to complete the audit stretched from May 28, 2019, to September 24, 2020.

The Trustees filed a motion for default judgment on January 11, 2021, to which LDI did not respond. The Court granted the motion on January 29, 2021, and entered a judgment in the amount of $71,532.72 in favor of the Trustees and against LDI.

On May 3, 2021, Terry Vaidik, president of LDI, filed a motion to stay the proceedings while he sought counsel. On May 4, 2021, the Trustees filed a motion for proceedings supplemental to judgment. The Court denied the former motion and granted the latter on May 4, 2021.

Vaidik attempted to have the judgment vacated on February 15, 2022, but the relevant document was not filed by counsel, so the Court struck the document and set a final deadline of May 20, 2022, by which LDI could respond to the then-pending motion for entry of a final order for financial institution garnishment. Counsel for LDI appeared on May 6, 2022, and filed the instant motion on May 20, 2022.

## FACTUAL BACKGROUND

Terry Vaidik had pulmonary fibrosis, which required extensive medical care. (Vaidik Decl. ¶ 9, ECF No. 68-1). By May 6, 2019, the pulmonary fibrosis was entering advance stages, which compromised Vaidik's ability to function on a high level. *Id.* at ¶ 10. On December 7, 2019, Vaidik underwent an emergency double lung transplant, which required a "considerable" recovery, including taking anti-rejection medicines. *Id.* at ¶ 11. Because those medicines compromise the immune system, Vaidik was in strict isolation once the COVID-19 pandemic occurred, which led to Vaidik becoming depressed. *Id.*

On or about April 20, 2021,Vaidik first became aware that a default judgment had been entered against LDI. *Id.* at ¶ 14.

## ANALYSIS

LDI asks the Court to vacate the judgment pursuant to Federal Rules of Civil Procedure 55(c) and 60 and the Court's inherent power. Rule 55(c) provides that the Court may set aside a

2

final default judgment under Rule 60(b), and Rule 60(b) provides that a Court may relieve a party from a final judgment on just terms.

In order to have a properly-entered default judgment vacated, the moving party must demonstrate: (1) good cause for the default, (2) quick action to correct it, and (3) a meritorious defense to the complaint. *Wehrs v. Wells*, 688 F.3d 886, 890 (7th Cir. 2012). More than "ordinary lapses of diligence or simple neglect" is needed "to justify disturbing a default judgment." *Jones v. Phipps*. 39 F.3d 158, 162 (7th Cir. 1994). The decision whether to vacate a default judgment is a matter for the Court's discretion and is appropriate only in "exceptional circumstances." *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 631 (7th Cir. 2009). Still, the Seventh Circuit "has a well established policy favoring a trial on the merits over a default judgment." *Sun v. Bd. of Trustees of Univ. of Ill.*, 473 F.3d 799, 811 (7th Cir. 2007).

LDI's motion can be resolved on the element of quick action to correct the default, which LDI has not shown. "Quick action" is measured from the time which elapses from the entry of judgment to the filing of the motion to vacate. *Jones*, 39 F.3d at 165.

Here, judgment was entered on January 29, 2021, and the motion to vacate was filed on May 20, 2022. On first blush, this is far too long to be considered quick action.

However, there are a few mitigating matters to consider. First, Vaidik avers that he was not aware of the default judgment until April 20, 2021, which the Court will assume is true for the purposes of this motion. The Court will also permit the inference that LDI was not aware of the default judgment until this date as well. The Court additionally assumes for the purposes of this motion that LDI carries no fault for its delay in becoming aware of the judgment. As a result of these assumptions and inferences, the Court notes that Vaidik filed a motion to stay on May 3, 2021, which is approximately two weeks after LDI became aware of the default judgment. If this

3

motion to stay were the properly filed motion to vacate, the Court would likely find that quick action was taken under these circumstances.

However, the Court denied the motion to stay on May 4, 2021, and informed Vaidik that he could not represent LDI in federal court. The delay from May 4, 2021, to the properly filed motion to vacate on May 20, 2022, prevents the Court from finding that LDI took quick action to correct the default, even when the Court removes from consideration the period (February 15, 2022, to April 7, 2022) during which LDI's improperly filed motion to vacate was pending. This is multiple months longer than what the Court would deem "quick action" in the circumstances of this case. *See Tygris Asset Fin, Inc. v. Szollas*, No. 09 C 4488, 2010 WL 2610652, at *3 (collecting cases from the Seventh Circuit finding that delays ranging from three weeks to three months did not fall within the bounds of quick action).

The Court notes that, in discussing the quick action element, LDI tends to treat Vaidik and LDI as the same entity. They are not. Vaidik is a natural person, and LDI is a corporate entity. As a corporation, LDI may only appear in federal court through licensed counsel. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993). The Court is not unsympathetic to Vaidik's health issues which have presumably diverted his energy away from this lawsuit. However, Vaidik is not LDI, and LDI did not take quick action to correct its default.

## CONCLUSION

Based on the foregoing, the Court hereby **DENIES** Defendant's Motion to Vacate Default Judgment of 1/29/2021 to Vacate Supplementary Post Judgment Proceedings, and for Other Relief [DE 68].

SO ORDERED on October 13, 2022.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT
